CABLE *v.* THE STATE.

A person was indicted, under the statute of 1843, for keeping a disorderly house called a Tippling house, where he sold liquor without license, and gathered together noisy, drunken people, who kept quarrelling, fighting, &c., to the great annoyance and disturbance of the people, &c.  *Held*, 1. That the offence was not limited to a case where the sale of liquor was by a less quantity than a quart; 2. That the defendant might be liable, though the quarrelling, fighting, &c., were in the street; 3. That the state was not bound to prove that the defendant knew of the alleged annoyance, &c.

The right of challenging jurors in *Decatur* county has been, since the act of 1846 on the subject, governed by the general law.

And by the general law on the subject, each of the parties may, under certain circumstances, challenge six jurors peremptorily.

When such challenge has been allowed, it must be presumed, the contrary not appearing, that the same was authorized by the circumstances of the case.

ERROR to the *Decatur* Circuit Court.

BLACKFORD, J.—This was an indictment under the statute of 1843, charging that the defendant, on, &c., and thence-forth, &c., at, &c., kept a disorderly house called a Tippling house, in which, during all the time aforesaid, he was in the constant practice of selling spirituous liquors without license, to be drunk about and in his house; and that he was then and there in the habit of gathering together, during the time aforesaid, a large number of noisy, drunken people, who in the day and at night kept quarrelling, fighting, &c., to the great annoyance and disturbance of the people residing there, &c., contrary to the statute, &c. Plea, not guilty. Verdict and judgment for the state.

The defendant contends that several instructions to the jury were refused which should have been given, and that others were given which should have been refused.

This part of the case raises these questions: 1. Was the state required to prove that the sale of liquor was by a less quantity than a quart? 2. Could the defendant be liable, if the quarrelling, fighting, &c., were in the street where he could not control the offenders? 3. Was the state bound to prove that the defendant knew of the alleged annoyance and disturbance of the people?

The first and third questions must be answered in the negative, and the second in the affirmative.

The offence charged is not limited by the statute to a case

where the sale of liquor was by a less quantity than a quart; and it cannot, therefore, be so limited by the Court. Nor could it be any defence to the indictment, that the quarrelling, fighting, &c., were in the street, and beyond the defendant's control, or that his knowledge that people were annoyed by them was not proved. If, as the Court instructed the jury, the defendant was in the constant or frequent habit of selling liquor to be drunk in or about his house, whereby the persons became intoxicated, and, under such circumstances, broils, difficulties, cursing, swearing, fiddling, dancing, &c., took place in the house, or around the house in the street, or about the door, to the annoyance, disturbance, or injury, of any part of the citizens of the state, he was liable to the indictment. If the defendant voluntarily raised the storm as charged in the indictment, it is no excuse for him that he could not afterwards quell it, or that he did not know of the injuries it was producing.

On the trial, which was in *November*, 1846, the Court refused to permit the defendant to challenge eight jurors peremptorily; but leave was given to each party to challenge six jurors peremptorily. The defendant contends that there is error in this part of the case.

By the act of 1844, it was the sheriff's duty, in *Decatur* county, to summon a jury at the term the trial was to take place, and each of the parties, in a cause tried by such jury, might challenge eight jurors peremptorily. Acts of 1844, p. 117. But so much of that act as relates to the manner of selecting juries in said county was repealed in *January*, 1846, and the general law on the subject was declared to be there in force. Acts of 1846, p. 110. The right to challenge eight jurors peremptorily depended on the statutory provision which required the jury to be summoned at the term the trial was to take place; and when that provision was repealed, the right to such challenge ceased.

Since the repealing act of 1846, therefore, the right of challenging jurors in *Decatur* county has been governed by the general law.

According to the general law on the subject, each of the parties may, under certain circumstances, challenge six jurors peremptorily; and those circumstances might have existed in

this case. R. S. 1843, p. 953. Whether they did or not the record does not inform us. As such challenge was allowed, we must presume, the contrary not appearing, that it was authorized by the circumstances of the case.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Davison,* for the plaintiff.

*A. A. Hammond,* for the state.