## THE STATE v. WEBB.

**Criminal law: NUISANCE: DISORDERLY HOUSE.** In a prosecution for nuisance under section 4411 of the Revision, for keeping a disorderly house, the defendant may be convicted upon it being shown that he kept the house, though the disorderly conduct did not occur in the house but on the sidewalk in front of it, if it was the character of the house that attracted the disorderly persons there who caused the disturbance.

*Appeal from Jasper District Court.*

WEDNESDAY, JULY 1.

NUISANCE.—Indictment under section 4411 of the Revision, charging the defendant with keeping a disorderly

house in which quarreling, fighting, drunkenness and breaches of the peace were carried on to the disturbance of others and the common nuisance of the people of the State.

Defendant was convicted, and assigns for error the instructions given to the jury.

*Henry O'Connor*, Attorney-General, for the State.

*Seevers & Cutts* for the defendant.

DILLON, Ch. J.— The court instructed the jury as follows: " 4. If you believe from the evidence that the quarreling, drunkenness, fighting or breaches of the peace, were not in the house, but on the street or sidewalk, and men congregated there accidently, and the disturbance arose, not from the character of the house kept by the defendant, but in consequence of men getting drunk elsewhere and who came accidently about his house to fight out their drunken brawls without being attracted there by the character of this house,—then your verdict should be not guilty. But if you find that the defendant was the keeper of a beer saloon, and permitted persons to gather in and around his saloon and drink and fight and quarrel and raise disturbances in or around the house, to the annoyance of others, and that it was the character of the establishment kept by him that caused the disturbances around it, — your verdict should be guilty."

Defendant complains of the instruction because " the indictment alleges that the drunkenness and fighting were *in* the house, while the court charges that if *around* the house the defendant is guilty."

There was no error in the instructions. The court took the right view of the statute. Rev. § 4411. It is the keeping of the kind of house named in this section which constitutes the offense.

If a person keeps such a house, he is guilty, under the statute, whether the fighting, quarreling, etc., occurs in it, or on the sidewalk in front of it, if, as the court charged, it was the character of the house which attracted the disorderly persons there, and which caused the disturbances in or around it. *Cable* v. *The State*, 8 Blackf. 531, as to nature and description of offense; Rev. § 4925, as to duty of this court on appeal.

Affirmed.