MANNING v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN
RAILWAY COMPANY.

1. **Practice:** EVIDENCE: OBJECTION TO: MADE TOO LATE. An objection
to the admission of evidence, which is made for the first time in a motion
for a new trial, is made too late, and should for that reason be overruled.

2. ———: ADMISSION OF OBJECTIONABLE EVIDENCE: EFFECT OF. A
party cannot, by failing to object to improper evidence, secure the right
to introduce similar evidence himself.

3. ———: EVIDENCE: ORDER OF INTRODUCTION. Evidence in chief must
be offered, if at all, in the opening of the case, and it cannot as a mat-
ter of right be introduced in rebuttal.

4. **Practice in Supreme Court:** ERRORS NOT ARGUED. Errors as-
signed, but not argued, will not be considered in this court.

5. **Railroads:** INJURY TO EMPLOYE: NEGLIGENCE OF CO-EMPLOYE: NO
RECOVERY. Where plaintiff, who was not employed in the *operation*
of the railway, was injured on account of his own negligence, or that of
a co-employe, *held* that he could not recover.

*Appeal from Linn District Court.*

TUESDAY, JULY 22.

THE plaintiff was an employe of the defendant, and his
occupation was that of a sweeper in its round-house, and he
claims that, without fault or negligence on his part, he fell into
a hole, which had been negligently and carelessly left uncov-
ered by the defendant's other employees, whereby he was
greatly injured. Trial by jury, and judgment for the defend-
ant, and the plaintiff appeals.

*Blake & Hormel* and *J. B. Young*, for appellant.

*J. & S. K. Tracy*, for appellee.

SEEVERS, J.—I. It is assigned as error that the court per-
mitted Dr. H. Ristine, a witness for the defendant, to state,
when on the stand as a witness, that he thought
the plaintiff was not injured to the extent claimed,
but was to some extent feigning. The record

1. PRACTICE:
evidence:
objection to
made too late.

fails to disclose that any objection whatever was made to the foregoing evidence at the time it was given, or until after verdict, if then. We are unable to say that any such objection was made in the motion for a new trial. But whether this is so or not is immaterial, for an objection to the admission of evidence, which is made for the first time in the motion for a new trial, is made too late, and should for that reason be overruled. ·

II. The plaintiff called Dr. Kibbee as a witness in rebuttal, and asked him a question in these words: " Were there

2. ——: admission of objectionable evidence: effect of.

any indications, so far as the plaintiff was concerned, that he was feigning to be hurt?" This question was objected to because "it was not allowed to be gone into by the defendant," which objection was sustained. It is said by counsel for the appellant that the objection was not true, because the record does not show that Dr. Ristine did so testify. But, as has been stated, the record shows that no objection was made to such evidence. A party cannot, by permitting what is claimed to be objectionable evidence to be introduced, lay the foundation or rightfully claim that because of such fact similar evidence can be introduced by him. It is not claimed by counsel that the evidence was admissible, except for the reason that similar evidence was introduced by the defendant.

III. In rebuttal the plaintiff introduced Dr. Carhart as a witness, and asked him the following question: " I will ask.

3. ——: evidence: order of introduction.

you whether or not, from any examination you made there, you discovered the plaintiff's knee was in any manner affected, and, if so, how?" Substantially a similar question was asked Dr. Kibbee. Both of these questions were objected to on the ground that the evidence sought to be introduced was not properly rebutting evidence, and such objections were sustained, as we think, correctly. The plaintiff had the opportunity, and he was required, to introduce all the evidence in chief he had, which tended to show the injury and the extent of it.

IV. It is assigned as error that the court erred in giving the sixth, seventh and eighth instructions to the jury. These

**4. PRACTICE in supreme court: errors not argued.** errors are simply stated by counsel in their printed argument. Not a single reason is stated why the instructions are erroneous. We are not in the habit, nor are we required, to consider assignments of error not argued by counsel. *Smith v. Hickenbottom*, 57 Iowa, 733; *Kinser v. Farmers Bank*, 58 Id., 728.

But we desire to refer briefly to the eighth instruction, which is as follows: "If you find from the evidence that the

**5. RAILROADS: injury to employe: negligence of co-employe: no recovery.** plaintiff was an employe of the defendant in the round-house in question, and working about this excavation prior to the alleged accident, and knew of its locality and unsafe condition, and continued to work around there without objection, and by accident stepped or fell into it, he cannot recover." This instruction was excepted to "because it was inapplicable, had no basis in the evidence, and tended to mislead the jury." We assume that the real objection intended to be made to the instruction is, that there is no evidence tending to establish the facts therein stated. The evidence shows that the plaintiff commenced working in the round-house only a few hours before the accident, but before he commenced work, as the evidence tended to show, he was "told to be careful and see that the holes would be covered. * * This excavation could be seen. * * * When he went to work I told him to sweep around, pick up castings, and look after things and holes to be covered." The evidence further tended to show that it was plaintiff's duty "to keep these holes covered; a man could see the hole perfectly well; it was a well-lighted house, and anyone could see the hole." We, therefore, think there was evidence on which the instruction was properly based. It is not material, under the instruction, whether the plaintiff had worked in the round-house prior to the day of the accident or not. Other than above stated, no objections are made to the instructions of the court, which have evi-

dently been prepared with care, and we believe to be correct. It is said, the court erred in refusing certain instructions asked. In this we do not concur. The instructions given cover the ground, and the legal principles which govern this case being correctly stated therein, it follows that the instructions refused, where they conflict with those given, are incorrect. But no conflict is suggested by counsel, except that it is stated that the sixth instruction is erroneous; and it will be conceded to be in conflict with those refused. It is in these words: " If you find from the evidence that it was a part of the plaintiff's duty to keep the hole in the floor of the round-house covered and in a safe condition; or, if you find it was the duty of another sweeper to do so, and that they, both or either of them, neglected to do so, then the plaintiff cannot recover in this action." It is not claimed that the plaintiff was engaged in operating a railroad, and therefore his rights must be ascertained by reference to the principles of the common law. The foregoing instruction is believed to be in accord with *Sullivan v. R. R. Co.*, 11 Iowa, 421; *Peterson v. Coal Co.*, 50 Id., 673.

AFFIRMED.