THE STATE v. PIERCE.

65   85
118  675

1. **Criminal Law:** NUISANCE: SALOON: INDICTMENT: INSTRUCTIONS: PROOF. Under section 4091 of the Code, a saloon-keeper who *but once* permits drunkenness, quarreling, fighting, and breaches of the peace to occur in his saloon, to the disturbance of others, is guilty of keeping a nuisance. And so far as the language of the indictment in this case charged a repetition of such disturbances, it was surplusage, and proof of a single disturbance was sufficient to support a verdict of guilty; and an instruction to that effect is approved.

2. ———: DRUNKENNESS DEFINED. A person is drunk in legal sense when he is so far under the influence of intoxicating liquors that his passions are visibly excited or his judgment impaired by the liquor.

3. ———: NUISANCE: SALOON: PLACE OF DISTURBANCE: EVIDENCE.  On the trial of a saloon-keeper for nuisance, the state is not confined to proof of disturbances within the building, but may show that drunkenness, quarreling or fighting occurred at the place, but without the building, if they occurred with defendant's permission, or were occasioned by the business which he was carrying on in the building; (*State v Webb*, 25 Iowa, 235;) but the fact that liquor sold by him was carried away and consumed elsewhere is immaterial.

4. ———: ———: ———: EVIDENCE.  In such a case, it is competent for the state to show that persons, immediately after leaving defendant's place, appeared to be intoxicated; for such evidence would tend to prove that drunkenness was permitted at such place.

5. ———: REASONABLE DOUBT: INSTRUCTION, CONSIDERED AS A WHOLE, APPROVED  An instruction is not to be reviewed in detached sentences, but as a whole; and, when so considered, the instruction in this case, (see opinion,) defining a reasonable doubt, and stating the effect thereof, is approved.

*Appeal from Mitchell District Court.*

FRIDAY, OCTOBER 24.

THE defendant was convicted of the crime of nuisance, and sentenced to pay a fine and the costs of the prosecution, and from this judgment he appeals.

*L. M. Ryce*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

REED, J.—I.  The offense of which defendant is accused is defined by section 4091 of the Code.  The section is as follows:  "Houses of ill-fame,    *    *    *    gambling-

1. CRIMINAL LAW: NUISANCE: SALOON: INDICTMENT: INSTRUCTIONS: PROOF.
houses, or houses where drunkenness, quarreling, fighting, or breaches of the peace are carried on or permitted, to the disturbance of others, are nuisances.    *    *    *  "  The indictment charges that defendant kept a house, and occupied the same as a brewery and saloon, where drunkenness, quarreling, fighting, and breaches of the peace were carried on, and by the defendant permitted *to be carried on*, to the disturbance

of others. The district court instructed the jury, in effect, that defendant might be convicted on proof that he kept the place described in the indictment, and that drunkenness, quarreling, etc., were carried on there, or were permitted by him, to the disturbance of others. Counsel for defendant takes exceptions to this instruction. His position is that to render the place a nuisance, under the section quoted above, the drunkenness, etc., must be either carried on or permitted to be carried on there; that is, there must be a recurrence at the place of the acts enumerated in the section, or some of them, in order to make it a nuisance, and that it would not be given that character by a single transaction; but that, under the instructions, defendant might be convicted on proof that he permitted said acts to be done at his place on a single occasion. We think, however, that this position is not correct. The construction put upon the section by the district court gives to the language its natural and fair meaning. The people of a community may be greatly disturbed and annoyed by a single assemblage of drunken men in their midst, or by fighting and quarreling there, although it should occur but once. The object of the statute is to protect them from the disturbance and annoyance which would be occasioned by the occurrence of such events in their midst; and the evident intention of the legislature in enacting it was to provide for the punishment of men who should permit such acts to be done in buildings or places under their control, to the disturbance of others.

Another position urged by counsel is that, as the charge in the indictment is that defendant permitted the drunkenness, etc., to be carried on at his place, the state should have been required to prove the offense as thus charged, and that defendant ought not to be convicted on proof of a different state of facts. This position, stated in another form, is that the indictment charges that defendant permitted drunkenness, etc., to occur at his place on more than one occasion, whereas, under the instructions, he may be convicted on proof that he

permitted it but once. But if the offense may be committed by permitting the occurence of the acts on one occasion, we know of no reason why he should not be convicted on proof of a single transaction, although the indictment charges that he permitted them on various occasions. If the effect of the averment is, as counsel claims, to charge that defendant permitted drunkenness, etc., to occur at his place on more than one occasion, it necessarily includes what is covered by the instructions of the court, and more. But, as the facts stated in the instructions constitute the offense intended to be charged and actually charged in the indictment, whatever in addition to that is included in the averment is mere surplusage, and need not be proven.

II.   The court instructed the jury that "a person is drunk in legal sense when he is so far under the influence of intoxi-

2. ——:   cating liquor that his passions are visibly excited
drunkenness
defined.   or his judgment impaired by the liquor." This definition is excepted to by defendant's counsel, but we think it is clearly correct, and it is in accordance with the definitions of drunkenness given in the authorities. See 1 Bouv. Law Dict., 510.

III.   Defendant was a witness in his own behalf, and testified that he frequently sold beer to parties who drank it in

3. ——: nui-   the immediate vicinity of his place; also that he
sance:
saloon: place   sold to parties who carried the beer entirely away
of disturb-
ance: evi-   from the place. In passing on the admissibility
dence.   of the evidence, the court made the following observations in the presence of the jury: "The amount of beer that was taken away and drank in Osage or Mitchell, or any of the towns about here, I don't think would be material; but the amount that might have been sold by him and drank along the river there, or near by, and parties near to the brewery, might be a material question if they became intoxicated and were seen afterwards. That might be material, but what was drank elsewhere, or sold to be drank elsewhere, I don't think would be. The proportion we need not go into." Defend-

ant assigns this action of the court as error, but we think it affords him no just cause of complaint. The rule stated by the court in the remarks is undoubtedly correct. The state was not confined to proof of what took place in defendant's building. It might show that drunkenness, quarreling, or fighting occurred at the place, but without the building, if they occurred by defendant's permission, or were occasioned by the business which he was carrying on in the building. *State v. Webb*, 25 Iowa, 235. But the fact that some portion of the beer sold by him was carried away from the place and consumed elsewhere, could have no bearing on any question involved in the case.

IV. The state was permitted to introduce evidence tending to prove that the appearance and conduct of persons who had been at defendant's place, after they left there, indicated that they were intoxicated. The court instructed the jury that this evidence could be considered by them only in determining whether the parties became intoxicated at the defendant's place. That the evidence was competent for the purpose for which it was admitted we think there can be no doubt. One of the ultimate facts which the state undertook to establish was that drunkenness was carried on or permitted at the place in question; and if it could show that persons who came from the place, by their actions and appearance immediately after they left there, indicated that they were intoxicated, this certainly would have some tendency to establish that fact.

V. The court gave the following instruction: "If there is a reasonable doubt of the defendant being proved guilty, he must be acquitted. In criminal cases, full and satisfactory proof of guilt is required. No mere weight of evidence will warrant a conviction, unless it be so strong and satisfactory as to remove from your minds all reasonable doubt of the guilt of the accused. In considering this case, you should not go beyond the evidence to hunt for doubts, nor should you entertain

The State v. Pierce.

such doubts as are merely chimerical or based on groundless conjecture. *A doubt, to justify an acquittal, must be reasonable, and arise from a candid and impartial consideration of all the evidence in the case, and then it must be such a doubt as would cause a reasonable, prudent, and considerate man to hesitate and pause before acting in the graver and more important affairs of life.* If, after a careful and impartial consideration of all the evidence in the case, you can say and feel that you have an abiding conviction of the guilt of the defendant, and are fully satisfied of the truth of the charge, then you are satisfied beyond a reasonable doubt."

Counsel excepts to that portion of the instruction which is in italics, particularly to the latter clause. If the clause objected to could be considered as entirely distinct from the balance of the instruction, we might not be disposed to approve it. But the instruction should be considered as a whole. It is not fair or just to select a single sentence or phrase from an instruction, and say that the sentence or phrase thus selected is incorrect. We should look rather at the whole of the instruction, and consider whether it, as a whole, enunciates a correct rule, and, looking at the instruction in question as a whole, we think it is not objectionable. The jury are told, in effect, that they are not to convict the defendant unless they are satisfied by the evidence to a moral certainty that he is guilty. What we have said as to the objection to this instruction applies with equal force to the objections urged by counsel to other instructions. They are mere criticisms of single sentences or phrases used in the instructions, and do not deal with the instruction as a whole. We have examined the charge of the court with care, and we think it fully and fairly presents the law of the case. We have also examined the whole record, and we do not find that it contains any error prejudicial to the rights of the defendant. The judgment of the district court is, therefore,

AFFIRMED.