STATE OF IOWA, Appellee, v. ANNA KRUSE, Appellant.

Intoxicating liquors:   SALES   BY   WIFE:   COERTION:   INSTRUCTION.
1   Where a husband purchased and kept liquors in his home for use of the family only, and it appeared that the wife made sales from the same without his knowledge or consent, failure of the court to instruct, on a prosecution of the wife for maintaining a nuisance, that she presumptively acted under coercion of her husband and that she could not be adjudged guilty until such presumption was overcome, was not erroneous, in the absence of a request therefor.

Evidence:   MOTION TO STRIKE. Where an objection to evidence was as
2   apparent when admitted without objection as when a motion to strike it out was made, the motion was properly overruled.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

MONDAY, DECEMBER 15, 1913.

THE defendant was indicted and tried for the alleged

maintenance of a liquor nuisance. From a verdict and judgment of guilty, she appeals.—*Affirmed.*

*S. B. Allen* and *Ira W. Anderson,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

EVANS, J.—The evidence on behalf of the state is sufficient to sustain the verdict. Two assignments of error are presented for our consideration.

I. The defendant is a married woman. The first contention in her behalf is that the trial court failed to instruct the jury that she was presumed to have acted under the direction and coercion of her husband in the commission of her alleged criminal acts, and that she could not be found guilty until such presumption was overcome. That such an instruction is proper in an appropriate case may be conceded. The defendant's husband is a mechanic, engaged in his trade. The husband and wife lived in a rented house, and in the lower story or basement thereof. On the upper floors the defendant conducted a rooming house. Such rooms were frequented by many strangers who were not roomers. The husband rented the house. He also purchased considerable quantities of intoxicating liquors and kept the same in the home for family use only; it being the custom of the family to use intoxicating drinks at mealtimes and otherwise, in lieu of all other beverage. The sales alleged to have been made by the defendant appear to have been made from the family supply from time to time. They were not made with the knowledge of the husband. Any presumption of coercion on his part is completely negatived by the testimony both of the husband and wife. On this record the husband was not a participator in the crime to any degree. There was no request by defendant for an instruction on the presumption of coercion. In view of the state of the evidence

on that subject and the absence of request for instruction, the appellant has no proper ground of complaint at this point.

II.   It appeared from the testimony of the defendant and her husband that the intoxicating liquor used by them was all bought from and delivered by one Phillips.   Phillips was called

2. EVIDENCE: motion to strike.

by the state in rebuttal for the purpose of showing the quantity of liquor delivered by him at the Kruse home during a stated period.   The testimony of the witness was based upon his books.   It is now urged that such testimony was not admissible.   It is sufficient to say that it went into the record without objection on any specified ground.   After the witness was examined by the state and extensively cross-examined by the defendant's counsel, a motion was made to strike out all the testimony as immaterial, irrelevant, and incompetent.   The ground of objection to the testimony of the witness was as apparent when the testimony was received as when the motion was made.   The defendant was not entitled, as a matter of right, therefore, to experiment with the evidence and then move to strike it out.

We find no reversible error in the record, and the judgment of conviction must be *Affirmed.*

WEAVER, C. J., and LADD and PRESTON, JJ., concur.