STATE OF IOWA, Appellee, v. LA VETA GASPERAVICH, Appellant.

No. 45657.

NOVEMBER 18, 1941.

Carl E. Patterson, for appellant.

John M. Rankin, Attorney General, Jens Grothe, Assistant

Attorney General, and Walter Selvy, Assistant County Attorney, for appellee.

HALE, J.—The defendant was indicted for the commission of lewd acts with a child, under section 13184, 1939 Code of Iowa, the indictment charging that such acts were committed with a boy under sixteen years of age. The defendant is a married woman, about forty-two years of age, living in Des Moines, and the criminal acts with which she is charged occurred in November, 1940. Such acts involved not only the prosecuting witness but other boys ranging in age from thirteen to eighteen years. It is not necessary to set out the evidence in relation to the alleged crime of which defendant was found guilty. Motion for directed verdict was made by defendant and overruled, and after verdict defendant filed a motion for a new trial, alleging twenty-three grounds, only two of which, however, are urged or argued in this court. Judgment was entered on the verdict and defendant sentenced to imprisonment and she appeals.

The first ground argued is the court's failure to sustain defendant's motion to strike the testimony of another boy witness as to acts committed by the defendant at a time when the prosecuting witness was not present. Defendant argues that this was evidence of a separate and distinct crime, not related to the crime charged. Even if this were true, which we doubt, inasmuch as the act complained of was connected with other conduct, evidence of which was properly admitted, still defendant cannot claim error. Nowhere in the testimony of the witness did the State prove or attempt to prove any act of this witness at a time when the prosecuting witness was not present. No objection was made to the testimony of this witness on his examination by the State. The only reference to the other occasion was on cross-examination of the witness, and all the testimony complained of was introduced by the defendant in the course of such cross-examination. A general motion to strike the testimony of this witness was made by defendant's attorney—not that part of the testimony objected to, but "the testimony of the witness," part of which was competent and proper. The motion did not specify the answer complained of but was a motion to strike the testimony. This motion could not be sus-

tained and was properly overruled by the court. In addition, the general rule is often stated that a party cannot have a motion sustained to strike out irrelevant or incompetent evidence which he has himself brought out, whether such evidence is brought out by the prosecution in examining its own witness, or by accused, either by his examination of his own witnesses or in cross-examining the witnesses for the State and receiving responsive answers. 23 C. J. S. 505, section 1074, and cases cited; State v. Flood, 148 Iowa 146, 127 N. W. 48.

The second alleged error complained of by defendant was in the court's permitting O. B. Devine to testify concerning an alleged oral confession of the defendant. Defendant cites authorities to the effect that it is erroneous to permit evidence of an involuntary confession. There can be no question as to this rule. But we have carefully examined the evidence of Mr. Devine, who was secretary of the Iowa Humane Society. He and Cleatie Devine, chief probation officer of the juvenile court, had a conversation with defendant following her arrest. Defendant did not deny the acts charged against her with the prosecuting witness, and with other children; and she gave her reasons therefor, which it is unnecessary to set out. No testimony indicates that any promises or inducements were made to her, or any threats of any kind. The statements were apparently voluntarily made, so that in the record there is no reason shown why the court should have excluded this testimony.

There is no evidence anywhere that the defendant did not have a fair trial. From a careful examination of the record we see no reason for granting a new trial or disturbing the verdict.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.