GLEN STALEY, appellant, v. FAZEL BROS. Co., a corporation,
appellee.

No. 48813.

(Reported in 75 N.W.2d 253)

March 6, 1956.

Leming & Hobson, of Hampton, for appellant.

Donald J. Shirley, of Perry, for appellee.

Garfield, J.—This is a law action tried without a jury to recover $1800 deposited with defendant to secure the release of 2077 bushels of oats plaintiff had delivered to defendant. There was a counterclaim for $810, after crediting plaintiff with the amount of the deposit, for damages from plaintiff's failure to

deliver 10,000 bushels of seed oats he had agreed to sell defendant. From judgment for defendant for $447 on the counterclaim plaintiff has appealed. We affirm the judgment.

The facts are somewhat complicated. We recite only those deemed essential here. It is without dispute that in January 1950 plaintiff agreed to sell defendant, a seed dealer at Perry, 10,000 bushels of blue tag, certified reselect Clinton seed oats at $1.10 per bushel, f.o.b. Hampton, Iowa, where plaintiff lived, defendant to furnish the bags. Shipment was to be made on or before February 20. Plaintiff never delivered to defendant any certified oats or any oats that were cleaned to be eligible for certification. About March 13 (1950) defendant procured from plaintiff at Hampton 2077 bushels of oats and took them to its plant at Perry where it attempted to clean them preparatory to having them certified by the Iowa Crop Improvement Association, an adjunct of Iowa State College.

The oral agreement between plaintiff and defendant at the time defendant obtained 2077 bushels is the principal matter in dispute. Plaintiff contends the original agreement was then orally canceled and defendant agreed to accept 10,000 bushels of oats that had not been cleaned and clean them for certification, plaintiff to allow defendant two cents per bushel for cleaning. Defendant, however, claims it undertook to clean the 2077 bushels *if it could* as an accommodation to plaintiff who did not have facilities for cleaning oats but that plaintiff remained obligated to deliver the 10,000 bushels in accordance with the original agreement.

Like plaintiff, defendant was unable with its facilities to clean the 2077 bushels because of the mustard seed in them. As above indicated, oats must be cleaned before they may be certified. On March 15 defendant notified plaintiff that because of the condition of the 2077 bushels and the lateness of the date it had been compelled to buy 10,000 bushels of oats from other sources and if they cost more than $1.10 per bushel defendant would expect plaintiff to make up the difference. After receiving this notice plaintiff sold 10,000 bushels of oats to Berry Seed Company.

In order to perform his contract with Berry it was neces-

sary for plaintiff to secure the release of the 2077 bushels he had delivered to defendant. Defendant, however, refused to surrender the 2077 bushels unless plaintiff would deposit with it $1800, apparently as security for any damages plaintiff might owe defendant because of his failure to deliver the 10,000 bushels. Plaintiff complied with this requirement, obtained the 2077 bushels back from defendant about April 12 and delivered them to Berry as part of the 10,000 bushels plaintiff sold that company. It was necessary for Berry to put the oats it procured from plaintiff, including the 2077 bushels, through four different machines in order to clean them properly for certification.

Plaintiff later brought this law action to recover from defendant the $1800 deposit. As stated, defendant counterclaimed for damages due it from plaintiff's failure to deliver the 10,000 bushels. After crediting plaintiff with the amount of his deposit the trial court allowed defendant damages of $447. Plaintiff assigns three errors for reversal.

I. Plaintiff first contends the trial court failed to make a finding upon what is said to have been the ultimate disputed issue as to which version of the second agreement above referred to, made about March 13, was correct.

Rule 179, Rules of Civil Procedure, provides in part, "The court trying an issue of fact without a jury * * * shall find the facts in writing * * *." It is well settled that findings of a trial court are to be broadly and liberally construed, rather than narrowly or technically. In case of doubt or ambiguity they will be construed to uphold, rather than to defeat, the judgment. Wherever, from the facts expressly found, others may be fairly inferred which will support the judgment, such inference will be drawn. Rank v. Kuhn, 236 Iowa 854, 856, 20 N.W.2d 72, 74, and citations; Triangle Conduit & Cable Co. v. Federal Trade Comm., C. A., 7 Cir., 168 F.2d 175, 179; Clyde Equipment Co. v. Fiorito, C. A., 9 Cir., 16 F.2d 106, 107. See also 89 C. J. S., Trial, section 646.

In this connection we may observe plaintiff did not ask that the findings be enlarged or amended. He might have made a motion asking such relief. Rule 179(b), R.C.P. This circum-

stance seems worthy of some consideration in determining the sufficiency of the findings. Rank v. Kuhn, supra, at pages 857, 858 of 236 Iowa, pages 74, 75 of 20 N.W.2d.

■ In the light of what we have just said we find no reversible error in the first respect charged by plaintiff. Although the findings are not as specific as they might have been it may fairly be inferred from them that the trial court found defendant's version of the second agreement, made about March 13, was correct. The findings expressly state, "Defendant agreed to take *some of the oats* and *try to clean* them on their machines, and 2077 bushels were delivered to defendant." The conclusions of law recite there is no question as to the making of the original agreement in January and that it was not performed, also "the question to be decided is largely as to who is responsible for the breach of contract." These conclusions go on to say it seems clear plaintiff was unable to comply with his contract *and is responsible for its breach* and resulting damages.

The finding of fact above quoted is a brief statement of substantially defendant's version of the agreement made in March. We are unable to read all the findings of fact and conclusions of law without being convinced the court accepted such version as correct. On no other theory may its decision be explained. Obviously plaintiff would not be responsible, as the court held he was, for failure to perform the original agreement if, as plaintiff contended, it had been orally canceled in March.

II. In any event, plaintiff next argues, the court's finding in favor of defendant's version of the second agreement, at the time it obtained the 2077 bushels, is without substantial support in the evidence.

■ Of course our review is not de novo but merely for the correction of errors at law, and the findings of fact have the effect of a special verdict. Rule 334, R.C.P. The findings are binding upon us if supported by substantial evidence. Further, the evidence will be construed in the light most favorable to the trial court's judgment. Jackson Wholesale Florists v. Schappaugh Floral, 246 Iowa 1189, 1192, 70 N.W.2d 154, 156, and

citations; Beardsley v. Hobbs, 239 Iowa 1332, 1335, 34 N.W.2d 916, 918. See also Dougherty v. Sioux City, 246 Iowa 171, 191, 66 N.W.2d 275, 286, and citations.

■ The burden was on plaintiff to prove by a preponderance of the evidence that the original agreement made in January was orally canceled in March. He argues, in effect, he carried this burden, and was therefore entitled to recover, as a matter of law. We have frequently pointed out that in the absence of an admission by his adversary it is not often a party who has the burden on an issue establishes his claim as a matter of law. At this point the question is not whether the evidence was such as to permit recovery by plaintiff but whether it was so conclusive as to compel recovery. Ruble v. Carr, 244 Iowa 990, 993, 59 N.W.2d 228, 230, and citations; Jackson Wholesale Florists v. Schappaugh Floral, supra.

Plaintiff's argument in support of this assigned error emphasizes that Roy Fazel who made the second agreement for defendant in March was not a witness. However, his brother Dwight, secretary-treasurer of defendant, testified on cross-examination, "As I recall, we agreed to help Mr. Staley complete certification by aiding him in his cleaning process. He was to clean part of them, we were to clean part of them, and see if we could get it done. * * * It was a proposition to help Mr. Staley make delivery on his contract. We were to clean them if possible." In other testimony to which plaintiff made no objection this witness insisted the original contract remained in force.

■ Although plaintiff disclaims any intent so to do, what his argument amounts to is that the trial court's decision is against the weight of the evidence. We have repeatedly held we will not determine the weight of the evidence in a law action where there is substantial support for the judgment. Davis v. Knight, 239 Iowa 1338, 1341, 34 N.W.2d 23, 25, and citations; Twohey v. Brown, 246 Iowa 114, 118, 66 N.W.2d 870, 873; Marxen v. Meredith, 246 Iowa 1173, 1177, 69 N.W.2d 399, 401.

III. At the conclusion of Dwight Fazel's testimony plaintiff moved "to strike as hearsay all of that evidence of various

650

sales as claimed by defendant for the purpose of recovering their losses of sales to other customers." The court stated the testimony and exhibits in support thereof were received without objection, the motion came too late and it was overruled. Plaintiff assigns this ruling as his remaining error.

 Plaintiff seeks to justify his failure to object to the above testimony when offered and his delay in moving to strike it by saying it did not appear his testimony was hearsay until cross-examination of the witness. It is true Dwight Fazel first testified on cross-examination, "All I know about the conversation between Roy Fazel and Mr. Staley is what Roy reported to me." However plaintiff did not at any time move to strike the witness' testimony regarding what we have referred to as the second agreement between the parties, made in March. As we have indicated, some of that testimony was elicited by plaintiff on cross-examination. Obviously plaintiff cannot complain of testimony thus elicited. Glatstein v. Grund, 243 Iowa 541, 549, 51 N.W.2d 162, 168, 36 A.L.R.2d 531, 540.

We find nothing in the cross-examination of the witness Fazel that indicates the testimony plaintiff moved to strike was hearsay. The justification plaintiff asserts for his failure to object to the evidence and his delay in moving to strike it cannot be accepted.

 The testimony having been received without objection and there being no justification for the delay in moving to strike it, at best the court had discretion whether to entertain the belated motion to strike. No abuse of discretion appears in overruling it. Glatstein v. Grund, supra, and citations at pages 549, 550, of 243 Iowa, page 168 of 51 N.W.2d, page 541 of 36 A.L.R.2d; Neddermeyer v. Crawford County, 190 Iowa 883, 888, 889, 175 N.W. 339. See also State v. Helgerson, 247 Iowa 651, 657, 75 N.W.2d 227, 231, and citations; State v. Mabrey, 245 Iowa 428, 431, 60 N.W.2d 889, 891; Mason v. World War II Service Compensation Board, 243 Iowa 341, 343, 51 N.W.2d 432, 433.—Affirmed.

All Justices concur.