STATE OF IOWA, appellee, v. EMMET HIRM HELGERSON, appellant.

No. 48804.

(Reported in 75 N.W.2d 227)

652

MARCH 6, 1956.

Hart & Hart, of Waukon, for appellant.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Lynn W. Morrow, of Waukon, County Attorney, for appellee.

OLIVER, J.—A county attorney's information charged defendant with the crime of operating a motor vehicle upon the public highway while intoxicated. He pleaded not guilty and was tried to a jury which returned a verdict of guilty. From the judgment pronounced thereon, he appeals.

I. Appellant testified he drank only two cans of beer, between 11 a. m. and 12:45 p. m. on the day in question, and was not intoxicated. He contends the evidence he was intoxicated was insufficient to make his guilt a question of fact for the jury and therefore the court erred in overruling his motion for directed verdict. This contention is without merit.

He was a traveling salesman for a food house which handled potato chips. On the day in question, at 12:45 p. m., he called at a Postville store where he encountered two salesmen for another brand of potato chips. He testified he merely told the store manager he thought his (appellant's) brand was better than the other. The manager testified appellant's speech was not natural, was loud and boisterous, and not in order for the store, some of it was unprintable, appellant picked up and tossed around the merchandise of the other salesmen. The manager tried to persuade appellant to go home. Appellant "left the store * * * went across the street to his car, backed it up a little, shot around the corner, went down one block and parked at the post office." According to one witness, "he wasn't walking right." His car struck and broke the flagpole in the curb at the post office. Appellant walked into the post office and on his return went over the flag, entered his car and tore up the alley.

A banker, to whom he spoke, testified appellant's speech was indistinct, incoherent, slurred and different from normal; also that appellant raced the motor of his car and drove it up the alley at a rapid rate of speed. A newspaper publisher testified the "car backed away rapidly with motor racing loudly, gears

changed and car went down the alley rapidly, leaving a trail of rubber on alley pavement from left wheels."

Appellant's next stop was at an oil station. A witness testified "his clothes were rather disarranged, shirttail practically hanging out." He was "not talking like himself, stuttering, staggering a little bit and wobbling around, eyes rolling a little."

Donald Martindale who serviced appellant's car testified appellant's speech was incoherent, words rolled out of his mouth, his eyes were glassy, he staggered and rolled back and forth on his heels. His coat was open and his tie was disarranged. He tendered a credit card issued by another oil company. Martindale refused to accept it and appellant attempted to write a check but was unable to make his signature legible until he had spoiled three checks. Dale Schroeder testified appellant was rather wobbly, was unable to stand still, did not know what he was doing, his speech was unintelligible, he rolled the words out, different from his usual manner of speaking.

About 1:45 p. m. the sheriff arrived and the town marshal was called. The sheriff testified there was an odor of alcoholic liquor upon appellant's breath. Appellant intimated that no one, including the sheriff, could take him to jail. The town marshal testified appellant walked unsteadily, and his speech was loud and uncertain. Appellant was taken into custody. He staggered and fell against the sheriff's automobile. When he was placed in jail, shortly after 2 p. m., he stood there on his heels, rocking back and forth and arguing with the officers. Upon their departure appellant promptly went to sleep and was awakened by the marshal at 7:30 that evening.

Each of the ten witnesses for the State, except the publisher, testified that in his opinion appellant was intoxicated at the time such witness observed him. It is clear there was substantial evidence he was intoxicated. This was sufficient to require the court to submit that issue to the jury. State v. Rutledge, 243 Iowa 179, 184, 47 N.W.2d 251, 255; State v. Haffa, 246 Iowa 1275, 1288, 71 N.W.2d 35, 42, 43.

II. The second error assigned is: "The court erred in permitting appellee to introduce inadmissible evidence." Appellant then makes reference to approximately thirty different

places in the record, varying in length from a few lines to several pages, and states, with reference to parts of the testimony of one of the witnesses: "Casten's testimony—Conclusions and opinions, voluntary statement, non-responsive, hearsay, incompetent, irrelevant, immaterial, no foundation." Like statements are made concerning the testimony of four other witnesses.

All of the testimony of the sheriff, the marshal and Dale Schroeder is included in the assignment under: "Motion based upon incompetency, irrelevancy and immateriality, lack of foundation, incompetence of witness." This was a motion made when the state rested, to strike the evidence of the nine witnesses that, in their opinions, appellant was intoxicated. The record shows no objections to any questions asked the three witnesses and only approximately twenty objections to questions propounded to all the witnesses. Most of these were similar to the following, made to questions asked Donald Martindale who had testified concerning the credit card and check writing incidents and that appellant moved about the oil station and talked rather loudly:

"Q. Are you able to describe his manner of speaking? Objection as calling for the conclusion and opinion, incompetent, irrelevant and immaterial, hearsay, not binding on defendant, no foundation and not within the issues. Overruled. A. His manner of speech was incoherent. Motion to strike. Q. Can you further describe his manner of speaking? Same objection, overruled. A. Words rolled out of his mouth, in a manner of speaking, his eyes were glassy, he would roll back and forth on his heels. Q. Describe his manner of walking and standing. Same objection, overruled. A. In a staggering manner * * *. Q. Describe how his clothing was worn. Same objection, overruled. A. His coat was open, tie disarranged. That's all. * * *. Q. By observing defendant and his manner of dress, speaking and walking, were you able to form an opinion as to his state of intoxication, or lack thereof? Same objection, overruled. (The record does not set out any answer.) Q. State your opinion. Same objection, overruled. A. Would say he was intoxicated."

Bohnsack v. Driftmier, 243 Iowa 383, 395, 52 N.W.2d 79, 86, states: "Under our decisions a witness who has observed

a person may express an opinion whether he is intoxicated without first stating the facts on which the opinion is based. State v. Wheelock, 218 Iowa 178, 185, 186, 254 N. W. 313, and citations. See also 20 Am. Jur., Evidence, section 876; 32 C. J. S., Evidence, section 508, page 184."

In the case at bar the witnesses testified to their observations of appellant, before expressing their opinions as to his condition. Appellant concedes "a witness may be properly allowed to give his opinion that a person is intoxicated." His complaint is such "evidence is not competent when he (the witness) does describe the basis for his opinion, and that basis refers to matters that would normally be done by an entirely sober person." This complaint need not be considered at length. It is sufficient to say the evidence of what was observed concerning appellant's conduct, condition, conversation, etc., as detailed by these witnesses, who knew him, would justify a finding his condition was not normal and he was intoxicated. Such evidence was proper and the overruling of the objections to the questions above set out and similar questions put to other witnesses did not constitute error.

This is applicable also to the orders which overruled appellant's objections to another group of questions shown in the record. These are:

"Q. When you in the past observed people who had been drinking intoxicating liquor were you able to form an opinion as to whether or not they were drunk? A. Yes. Q. Describe more in detail what his actions were and the manner in which he walked across the street. A. He was walking kind of fast and he wasn't walking right, that's one sure thing. Q. Did you observe the manner in which he drove? A. He drove a little fast around the corner, yes. Q. Describe the way he backed away from the curb and drove up the alley. A. He backed and drove up the alley at a pretty fast speed."

Each question was objected to as incompetent, irrelevant and immaterial, no proper foundation, leading and calling for conclusion. We hold the orders overruling the objections were not erroneous.

■ Appellant predicates error also upon evidence concerning a pint liquor bottle. The marshal testified he saw the bottle lying on the front seat of appellant's locked automobile; the wrapper was drawn back so the neck of the bottle was visible; it contained whiskey. Donald Martindale testified he saw the pint bottle of whiskey on the seat of the car. This evidence was introduced without objection. Appellant and his wife testified the liquor bottle contained kerosene to be used to heat the bathroom. Appellant now complains there was no foundation for the opinions of the marshal and Martindale, because neither of them opened the bottle, tasted its contents or looked at it closely. The first such complaint shown in the record was in appellant's motion for new trial which states the court erred in permitting the marshal to testify the bottle contained whiskey. Obviously there was then no order or ruling to which error could be assigned. Manning v. Burlington, Cedar Rapids & Northern Ry. Co., 64 Iowa 240, 20 N. W. 169.

■ ■ It is well established that a party may not permit the introduction of evidence without objection, and thereafter, in the absence of any showing, have it stricken from the record. State v. Meeks, 245 Iowa 1231, 1241, 65 N.W.2d 76, 81; State v. Moats, 108 Iowa 13, 16, 78 N.W. 701; State v. Kruse, 163 Iowa 341, 343, 144 N.W. 586. Nor may error be predicated upon the overruling of a motion to strike an entire answer where part of the answer is not vulnerable to the assault made in the motion. State v. Gasperavich, 231 Iowa 11, 300 N.W. 638; State v. Crouch, 130 Iowa 478, 484, 107 N.W. 173. The foregoing rules are applicable to certain rulings complained of by appellant, which will not be set out here at length.

■ ■ Some complaints are based upon the overruling of motions to strike testimony elicited upon the direct examination of witnesses for the State. Obviously, rulings on such motions based upon the contention the answer is a voluntary statement and not in response to the question may not be considered where the record does not show the question. Moreover, only the party examining a witness may object that his answer is not responsive. Kukkuk v. Des Moines, 193 Iowa 444, 187 N.W. 209; Hatcher v. Farber, 180 Iowa 1250, 163 N.W. 430.

The store manager testified, appellant in his car "Tore up the alley." Appellant's motion to strike this, as a conclusion, was overruled. This ruling was correct. The answer is not a conclusion. One dictionary definition of tear is: "to move or act with violence, excited haste, etc., as, the horse tore down the road."

We have examined all the rulings upon evidence of which complaint is made upon appeal and find no reversible error in any of them.

III. Appellant predicates error upon instructions 3 and 13.

The objection to instruction 3, on reasonable doubt, is based upon the statement, "It must be a real, substantial doubt and not one that is captious, imaginary or arising from sympathy."

Instruction 13 tells the jurors to discharge their duties without hesitation, fear or favor, letting the result and its consequences be what they may, "No consideration of sympathy or excessive kindness should swerve or deter you from finding the defendant guilty if you are satisfied from the evidence, beyond a reasonable doubt, that he is guilty."

The jurors are cautioned not to be influenced by statements of counsel in their arguments, not warranted by, or fairly inferable from, the evidence, or by personal bias or prejudice; that both the State and defendant are entitled to a fair and impartial verdict, the importance of which should prompt them to a careful and impartial investigation of the whole case, looking solely to the motive of doing entire justice under the evidence and the law in the instructions. As to instruction 13 the objection centers upon the sentence in quotation marks. Appellant's specific complaint here is that instructions 3 and 13 "stressed the theory that the jury should not lean toward appellant" without cautioning them to give appellant the legal protection due him.

In passing upon this point all the instructions should be considered as a whole. No complaint is made of the instructions on the presumption of innocence, or the burden of proof upon the State to establish the essential propositions beyond a reasonable doubt. In another instruction the jurors are again cau-

tioned the burden of proof is upon the State to establish beyond a reasonable doubt, that defendant was intoxicated. Instruction 12 advises the jury that no language in the instructions should be taken as an expression of opinion as to any of the facts or their verdict. Thus it appears the instructions do point to the "legal protection due" defendant, tell the jury the court has expressed no opinion and emphasize the necessity for a verdict fair to both sides.

Complaints of language similar to the quoted sentence in instruction 3 have been overruled in State v. Wagner, 207 Iowa 224, 227, 222 N.W. 407, 61 A.L.R. 882, and State v. McGee, 207 Iowa 334, 342, 221 N.W. 556. Likewise, language similar to that in instruction 13 was held not erroneous in State v. Kneeskern, 203 Iowa 929, 953, 210 N.W. 465.

In the light of these decisions and with all the instructions considered as one, we conclude the questioned instructions are not erroneous.

IV. Error is assigned to instructions 6 and 7. Instruction 6 defines intoxication. Instruction 7 states: "The kind, character or quantity of intoxicants the defendant may have consumed, if any, is not material in this case if you find from evidence that he was in an intoxicated condition within the meaning of said words as defined in these instructions."

Appellant complains of a statement in instruction 6, "Beer is an intoxicant as used in these instructions." This is a correct statement. State v. Schrader, 243 Iowa 978, 986, 987, 55 N.W.2d 232, 237, and citations. See also State v. Pierce, 65 Iowa 85, 88, 89, 21 N.W. 195. It may be observed that an instruction containing language to the same effect was approved in State v. Stout, 247 Iowa 453, 456, 457, 74 N.W.2d 208, 210. That decision cites and discusses various definitions of intoxication approved by this court.

Appellant contends instruction 7 gave the jury the impression appellant had consumed alcoholic beverages and allowed it to speculate on the kind of liquor. The instruction is not fairly susceptible to such interpretation and the assignment of error based thereon is without merit.

V. Instruction 11 states the testimony of an expert witness is to be given such weight and credit as the jurors, as fair-minded men and women think it entitled to, but they are not bound or concluded by the testimony of an expert or other witness. The only expert witness was a chiropractor who had first examined and treated appellant about six weeks after his arrest and whose testimony was in part expert and in part non-expert. Appellant's complaint is the instruction disparaged the nonexpert testimony by leading the jury to believe the testimony of the witness was entirely expert. This complaint over-looks the language of the instruction, which does not state expert testimony shall be weighed differently than nonexpert testimony as did the instruction in Halfpap v. Gruis, 199 Iowa 757, 760, 761, 763, 202 N.W. 592, relied upon by appellant. Moore v. Chicago, Rock Island & Pacific Ry. Co., 151 Iowa 353, 359, 360, 131 N.W. 30, and In re Estate of Stryker, 191 Iowa 64, 181 N.W. 810, cited by the trial court in the order overruling appellant's motion for new trial are in point.

The assignment of error is without merit.

No reversible error appearing the judgment is affirmed.—Affirmed.

All JUSTICES concur.