STATE OF IOWA, Appellee, v. CLIFFORD LOVE, Appellant.

No. 40346.

JUNE 23, 1930.

*D. W. Davis* and *McCoy & McCoy,* for appellant.

*John Fletcher,* Attorney-general, and *Blanchard W. Preston,* County Attorney, for appellee.

KINDIG, J.—On December 21, 1928, the defendant-appellant, Clifford Love, was indicted by the Mahaska County grand jury for wife desertion, under Section 12972 of the 1927 Code. Said section reads as follows:

"Every man who shall marry any woman for the purpose of escaping prosecution for seduction, and shall afterwards desert her without good cause, shall be deemed guilty of a misdemeanor and shall be punished accordingly."

It is charged in the indictment that the appellant, on July 5, 1928, without good cause, deserted his wife, Elizabeth Love, in violation of the foregoing statute.

Appellant pleaded "not guilty," and sought to justify his action with the claim that, at the time of his marriage, he had partly completed a course of study in an aviation school, and that his wife expressly agreed and consented that he should remain at school until he had finished such studies. This the wife denied.

Many other disputed facts appear in the record. The jury resolved all the material facts against the defendant and in favor of the State.

Twelve grounds for reversal are stated by appellant, but we find it necessary to consider but one of them. Reference is made to appellant's complaint about Instruction No. 7. In this instruction the trial court, in effect, told the jury that reasonable doubt is such as fairly and reasonably arises in the mind after considering the evidence alone: that is to say, the jury was admonished that reasonable doubt would result from a consideration of the evidence. Nothing was said in the instructions at this point concerning the lack of evidence. Such failure is fatal. *State v. Anderson,* 209 Iowa 510. Emphasis is made of the thought expressed in Instruction 7 by Instruction 14; for in the latter charge the jury were again told to consider the "evidence alone."

During our discussion in *State v. Anderson*, supra, it is said:

"We have declared in the foregoing pronouncements [cases cited in the opinion] what we recognize to be the truth: that a reasonable doubt is not necessarily one that arises from a consideration of the facts and circumstances as shown in evidence in the case, and that a reasonable doubt, as a general rule, arises from a lack or want of evidence. We refuse to approve instructions on the subject of reasonable doubt which exclude the element of lack or want of evidence."

The writer of this opinion, with other justices, dissented in the *Anderson* case, yet the opinion therein was adopted by the majority, and therefore is the law. Hence the courts are bound by the rule established in that case. Consistency demands this. Consequently, the instruction in the case at bar being in conflict with, and condemned by, the doctrine announced in the *Anderson* case, the judgment of the district court must be, and hereby is, reversed.—*Reversed.*

MORLING, C. J., and EVANS, DE GRAFF, ALBERT, and GRIMM, JJ., concur.

WAGNER, J., took no part.