STATE OF IOWA, Appellee, v. DAYTON SMALLEY, Appellant.

No. 40507.

NOVEMBER 11, 1930.

*McCoy & McCoy,* for appellant.

*John Fletcher,* Attorney-general, and *Blanchard W. Preston,* County Attorney, for appellee.

ALBERT, J.—An instruction on reasonable doubt given by the court is claimed to be erroneous, and on the strength of our holdings in *State v. Anderson,* 209 Iowa 510,  *State v. Matthes,* 210 Iowa 178, and *State v. Love,* 210 Iowa 741, the State confesses error, in that the instruction does not comply with the requirements specified in the above-cited cases, and we so find.

In Instruction No. 5, the court copied Section 1927, Code, 1927, defining "a bootlegger." One of the things set out therein which is said to constitute a bootlegger is: "Any person who shall * * * leave in a place for another to secure,  any intoxicating liquor * * * with intent to sell or dispose of the same by gift or otherwise, * * *" In Instruction No. 8 the court said:

"And if the State has satisfied you that the defendant did do any one of the things, as in these instructions explained," etc.

This, of course, would authorize the jury to consider the question of whether or not there was any evidence showing that the defendant did "leave in a place for another to secure" any intoxicating liquor, etc. The record is wholly barren of any evidence to warrant this phase of the instruction, and it should not have been given.

One Ruth Porter was a witness in behalf of the State, and the substance of her testimony is that, on a certain date, she saw the defendant in his automobile driving along the street, and one George Porter stepped on the running board of  defendant's car, and as he got off the running board, he placed an object in the front of his blouse. She further says that the object so placed by him was a bottle, but on cross-examination, she says:

"I didn't see it at close observation, and didn't know to my personal knowledge what it is."

One Bishop testifies that, on a certain occasion, he saw the defendant take something out of his pocket and slip it to one Charles Victor. He testified:

"I called it a bottle. I saw Charles Victor put his hand in his pocket and take out a roll of bills and take off two bills and give to the defendant."

There was a motion made by the defendant to strike the above testimony.

These pieces of testimony, while not of much probative value, were admissible for what they were worth, as a circumstance to be considered by the jury.

The defendant used one Charles Victor as a witness, and the State sought to impeach him by showing that his general reputation for morality in the community was bad. One of the impeaching witnesses was Anderson, chief of police of the city of Oskaloosa, who testified that Victor's general reputation for morality in the community was bad. The complaint is that, in the cross-examination of this witness, Anderson, and the other character witnesses, all of the questions asked were objected to by the State, and objections sustained. Reputation and character must be, and always are, distinguishable. This line of testimony had to do with the general reputation of the witness in the community, and, it having been testified that it was bad, the defendant was entitled to cross-examination with relation to such reputation. Some of the questions asked, to which objections were sustained, are: "He is honest, isn't he? He is honest as the day is long, isn't he? He is truthful?" It is to be noticed that in none of these questions is there any inquiry made about the man's reputation, and the objections thereto were, therefore, properly sustained. However, there were other questions asked on this cross-examination, for instance:

"Do you understand, Mr. Anderson, by the question as to morality, that includes the question of his honesty and integrity? Q. Do you mean to say that his general reputation for morality is bad,—that he is a man that does not tell the truth?"

We think the witness should have been permitted to answer these questions. We have held that it is proper to cross-examine, in cases of this kind, as to the reputation of the witness as to truth and veracity. *State v. Marish*, 198 Iowa 602. It must be remembered in all of these matters that the question being dealt with is a question of reputation, and not what the witness may personally think about the matter.

Some other questions are discussed, but what has already been said disposes of some of them, and, as the others are not likely to arise on a retrial of the case, we give them no further attention.—*Reversed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.