STATE OF IOWA, appellee, v. GARL DOSS, appellant.

No. 48496.

(Reported in 67 N.W.2d 451)

DECEMBER 14, 1954.

REHEARING DENIED FEBRUARY 11, 1955.

Verne Lawyer, James Lawyer and Don Hise, all of Des Moines, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and M. C. Herrick, of Indianola, County Attorney, Warren County, for appellee.

HAYS, J.—Defendant was convicted of the crime of lascivious acts with a child, contrary to section 725.2, Code of 1950, and has appealed.

I. Appellant asserts the court erred in refusing to direct a verdict upon the ground that the evidence was insufficient to sustain a conviction.

Defendant, age 44 and married, operated a taxi business in Indianola, Iowa. The prosecuting witness, age 15 and a schoolgirl, worked after school hours and on Saturdays for the defendant at the taxi office. She testified to numerous trips made to the defendant's home with him and at which time he had intercourse with her. She became pregnant and was delivered of a child in August 1953. While there is no testimony as to the acts in question, other than that of the girl, there is considerable to the attention shown to her by the defendant and as to various times they were together. Many discrepancies as to the time and place when and where these acts took place appear in her cross-examination. The defendant denies all wrongdoing and asserts a mere friendly interest in the girl.

All crimes are statutory. Some require corroboration, some do not. This specific one does not. The testimony of the prosecuting witness alone, if believed, is sufficient to warrant a conviction. It is true, as claimed by the appellant, that a witness may be so discredited upon cross-examination as to entirely destroy his direct testimony as a matter of law. But such is not this case. Whatever discrepancies appear in her testimony merely tend to weaken her statements as to the time and place but not as to the acts having been committed. As to that feature, she did not waver. It was for the jury to judge, not the court, and the case was properly left to the jury to decide.

II. Appellant further contends the court erred in its instructions to the jury. Instruction No. 14 is the one assailed. It is:

"The court does not by these instructions, nor has the

court by any ruling made, or by any acts done or words said during the trial, intimated or meant to give any intimation or opinion as to what the proof is or what it is not, or what the verdict should be.

"It is solely and exclusively for you to weigh the· evidence and find and determine the facts, and this you must do from the evidence alone *or* lack of evidence, and having done so, apply the law as stated in these instructions.

"The court has not attempted to embody all of the law applicable to the case in any one instruction, but in considering any one instruction you must consider it in the light of and in harmony with all other instructions given and apply them as a whole to the evidence in the case." (Italics ours.)

It is to the second paragraph of this instruction that exception is taken. Appellant argues: "By using the disjunctive 'or' the jury were told that they could either find the facts from the evidence as presented by the State or they could find the defendant guilty on an entire lack of evidence." We do not so read this instruction. The instruction is purely cautionary. Nowhere therein is the question of the defendant's innocence or guilt mentioned. It simply tells the jury to ascertain the facts from the evidence and, having thus found the facts, apply the law. Instruction No. 1 tells the jury that they must determine the case from the evidence or lack of evidence and the law as given by the court. Instruction No. 4 tells them that the State must prove guilt beyond a reasonable doubt and that such a doubt may arise from the evidence or a lack of evidence. Instruction No. 7 outlines the propositions, or facts, that the State must establish in order to obtain a conviction. We find nothing in the questioned instruction that tells the jury anything different from what was told them in Instructions Nos. 1, 4 and 7. It merely restates them in a condensed form.

Appellant cites two cases on this proposition. State v. Matthes, 210 Iowa 178, 180, 230 N.W. 522, 523, was a reversal because of an instruction upon reasonable doubt. The part in question was, " 'If, upon a full and fair consideration of all the evidence before you, or from any lack of evidence upon any material fact, you are abidingly satisfied and convinced that

the material matters necessary to establish the guilt of the defendant are true, then you have been convinced beyond a reasonable doubt.' " Even a casual comparison of this instruction with the instant one shows how totally different they are and that the cited .case is not in point.

State v. Sauerbry, 233 Iowa 1076, 1084, 10 N.W.2d 544, 548, is also cited by appellant for the statement therein that "of course only an acquittal, not a conviction, may be based upon a lack of evidence." With this statement all will agree. However, that case involves generally the same question presented here and the instructions were upheld. In fact, the writer of this opinion deems the cited case to present a much closer question than exists in the instant case.

Finding no error, the judgment of the trial court is affirmed. —Affirmed.

GARFIELD, C. J., and BLISS, OLIVER, WENNERSTRUM, SMITH, THOMPSON, and LARSON, JJ., concur.