STATE OF IOWA, appellee, v. ORVAL DALE STOUT, appellant.

No. 48711.

(Reported in 74 N.W.2d 208)

454

JANUARY 10, 1956.

Verne Lawyer, Robert D. Ray and Don Hise, all of Des Moines, for appellant.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and M. C. Herrick, of Indianola, County Attorney, Warren County, for appellee.

BLISS, J.—On this appeal appellant bases his right to a reversal of the judgment solely upon the commission of errors by the trial court in giving certain instructions to the jury. Four of the court's instructions are challenged.

I.   Appellant contends that the court committed reversible error in giving Instruction No. 1, to wit: "You are to take the facts as the same have been established by the proof, *together with the lack of testimony,* if any, and the fair and reasonable inferences which may be drawn therefrom, and the law as given you in charge by the court in these instructions, and therefrom determine whether the defendant is or is not guilty, and without regard to consequences, return your verdict accordingly. You are the sole judges of the facts in the case, and the court instructs you as to the law. The court has not, however, attempted

nor intended to embody in any one instruction all of the law applicable to the case. You are to consider and to construe together all of the instructions and apply them, as a whole, to the evidence in the case." (Italics ours.)

Appellant's complaint is directed to the words we have italicized. He states: "This instruction does not limit the lack of testimony to the State, and permits the jury to consider the lack of testimony on the part of the defendant, and draw any inferences therefrom, all to the prejudice of the defendant. It placed a burden upon the defendant which the law does not require him to assume. It is not the law that the defendant in a criminal case must go forward with the burden of proof, and, in effect, this instruction forces the defendant into that position."

While the reference to lack of testimony is essential in an instruction defining reasonable doubt, its use in Instruction No. 1 above was perhaps unfortunate. Lack of evidence may, of course, engender a reasonable doubt; but the use of the phrase in other instructions is ordinarily not to be commended since it may be interpreted as permitting the jury to find a defendant guilty because of such lack of evidence.

However, we do not find reversible error at this point. The jurors were told in the challenged instruction that all the instructions were to be construed together as a whole. This court has so held repeatedly. We cite but a few decisions. State v. Katz, 241 Iowa 115, 120, 40 N.W.2d 41; State v. King, 232 Iowa 16–20, 4 N.W.2d 244; State v. Rutledge, 243 Iowa 179, 47 N.W.2d 251; State v. Davis, 244 Iowa 400, 56 N.W.2d 881. In the preliminary statement of the facts involved in the crime charged the court told the jury that defendant's plea of not guilty placed upon the State the burden of proving beyond a reasonable doubt each and all of the facts. In Instruction No. 4 the jury was told, that defendant was presumed to be innocent and the burden was on the State of overcoming this presumption by evidence establishing defendant's guilt beyond a reasonable doubt in the minds of the jurors, upon consideration of all the evidence in the case or from the lack of evidence on the part of the State. In Instruction No. 6 the court stated the three essentials of the crime and charged the jury that the burden was upon the State to establish each beyond a reasonable doubt in their minds.

It is not reasonable to believe that the jurors, after considering the court's instructions as a unit, had any doubt or uncertainty that the burden of proof to establish every element of the offense charged was upon the State. Nor is it reasonable to believe that the jurors thought that the phrase, "together with lack of testimony", meant such lack or failure on the part of the defendant. The instructions made it clear to the jury that the burden was on the State to produce *sufficient* testimony to justify a conviction within the law as stated in the court's charge to the jury.

Instructions to juries concerning "lack of evidence" have been involved in many appeals to this court, and there has been some lack of harmony in its decisions. A review of them would serve no purpose. But the later decisions in criminal appeals have been consistent in holding that the jury should be instructed to arrive at a verdict from a consideration of all the evidence in the case, or from the lack of evidence on the part of the State, the burden being upon the State to produce sufficient evidence for a verdict of guilty. See State v. Anderson, 209 Iowa 510, 517, 228 N.W. 353, 67 A. L. R. 1366; State v. Parkin, 230 Iowa 991–993, 299 N.W. 917; State v. Love, 210 Iowa 741–743, 231 N.W. 392; State v. Sauerbry, 233 Iowa 1076, 1083–1085, 10 N.W.2d 544; State v. Billberg, 229 Iowa 1208, 1222, 296 N.W. 396; State v. King, supra, 232 Iowa 16–20.

Appellant cites but two authorities in support of his contention, State v. Sauerbry, supra, 233 Iowa 1076, 1083–1085, which is adverse to him rather than favorable, and State v. Matthes, 210 Iowa 178, 230 N.W. 522, which is not a pertinent authority here because of the particular wording of the instruction in that case. We so held in State v. Doss, 246 Iowa 651, 653, 67 N.W.2d 451, 452. In the latter case the instruction attacked was much like the instruction in the present appeal.

Assigned Error No. 1 is without merit.

II. Appellant assigns error in the giving of Instruction No. 8, to wit: "A person is in an intoxicated condition within the meaning of the statute and these instructions, when, by reason of the use of intoxicating liquors, including beer, his faculties have been overcome or affected, and he is unable to

exercise proper control over his actions, or his judgment is impaired. It does not necessarily mean that he must be in a stupor or unable at all to control his actions, but if by reason of the use of alcoholic liquors, including beer, he has lost control in any manner or to any extent of his reason or faculties, or the control or motion of his person or body, then he is in an intoxicated condition within the meaning of the law and these instructions.''

Appellant argues that the instruction "was erroneous and not the approved definition of intoxication" and that the definition that " 'a person is drunk in a legal sense when he is so far under the influence of intoxicating liquor that his passions are visibly excited or his judgment impaired by the liquor' ", as stated in State v. Pierce, 65 Iowa 85, 88, 21 N.W. 195, 197, and State v. Wheelock, 218 Iowa 178, 187, 254 N.W. 313, is the definition that should have been given to the jury.

This definition is in substantial accord with the definition given by the court in the action before this court, and with the definition held not to have been reversible error in State v. Huxford, 47 Iowa 16, 18, and in State ex rel. Cosson v. Baughn, 162 Iowa 308, 310, 311, 143 N.W. 1100, 1101, 50 L. R. A., N. S., 912, in which the juries were instructed that: " 'When any person, from the use of intoxicating liquors, has affected his reason or his faculties, or has rendered him incoherent of speech, or has caused him to lose control in any manner, or to any extent, of the action or motion of his person or body, such person, in contemplation of law, is intoxicated.' "

In State ex rel. Cosson v. Baughn, supra, page 311 of the Iowa Report, this court said: "Thus it was said in a lucid instruction quoted in Elkin v. Buschner (Pa.) 16 Atl. 102: 'Now what do we mean by a man being drunk or intoxicated? We often have very contradictory testimony on that subject. * * * A great deal of such testimony can be explained by the different ideas those persons have as to what is meant by drunkenness or intoxication. There are degrees of intoxication or drunkenness, as everyone knows. A man is said to be dead drunk when he is perfectly unconscious—powerless. He is said to be stupidly drunk when a kind of a stupor comes over him. He is said to be staggering drunk when he staggers in his walking. He is said to be

foolishly drunk when he acts the fool. All these are cases of drunkenness—of different degrees of drunkenness. * * * Whenever a man is under the influence of liquor so as not to be entirely himself, he is intoxicated; although he can walk straight, although he may attend to his business, and may not give any outward and visible signs to the casual observer that he is drunk, yet if he is under the influence of liquor so as not to be himself, so as to be excited from it, and not to possess that clearness of intellect and that control of himself that he otherwise would have, he is intoxicated.' "

Section 321.281 of the 1954 Code of Iowa applies to: "Whoever, while in an intoxicated condition * * * operates a motor vehicle upon the public highways of this state * * *.'' No degree of intoxication is specified. The section is one of the provisions in a chapter enacted for the promotion of safety on the highways. A motorist who was only exhilarated or overexuberant mentally might be a greater menace on the highways than one whose mind was dulled by intoxicating liquor.

In State v. Yates, 132 Iowa 475, 478, 109 N.W. 1005, 1006, the court said: "Within common knowledge a man becomes intoxicated—that is, drunk—when he passes under the influence of alcoholic liquor. And there are degrees of intoxication varying all the way from slight stimulation to complete coma. It is only at some point along the line between the two extremes that the loss of control of his mental faculties occurs."

He need not be staggering drunk. Bill v. Bill, 178 Iowa 1025, 1029, 157 N.W. 158.

There was testimony that defendant weaved and walked unsteadily; that he did not meet some equilibrium tests, and was unable to stand on one leg; his eyes were dilated and there was an alcoholic odor in his breath. One Schloemer was in a party who went into Des Moines to help one of them pick out a dog. Defendant testified that he drank not over two bottles of beer on the trip, but drank no whiskey. Schloemer testified that he and defendant had three "shots" of whiskey at one place. On their return to the Schloemer farm home, late in the evening, there was an altercation between Schloemer and defendant, because, as Schloemer said, defendant wished to get some more

beer, which defendant denied. Schloemer produced a gun and ordered defendant to leave the house in twenty minutes. Defendant took the gun away from Schloemer and broke it over the latter's head. Defendant then took the little boy of Schloemers', at the request of Mrs. Schloemer, to get him something to eat. Schloemer called the sheriff and when defendant returned to the home with the boy, the sheriff and two highway patrolmen and a Justice of the Peace were there, and defendant was arrested. These officers were witnesses for the State and testified to the matters above noted bearing upon the defendant's intoxication. Each testified that in his opinion the defendant was intoxicated. Mr. Schloemer was a witness for the State, but gave no opinion as to defendant's intoxication.

There was no prejudicial error in Instruction No. 8.

III. Instruction No. 9 was: "The defendant has testified before you as a witness in his own behalf, and his testimony should be considered and weighed by you like that of any other witness, taking into consideration the fact that he is the defendant and charged with the alleged crime. While for that reason alone you should not disregard his testimony, yet the fact that he is testifying in his own behalf should be considered by you. You should fairly and impartially consider his evidence, as you should that of all the other witnesses. You should also consider whether the testimony of the defendant is true and made in good faith, or whether for the purpose of avoiding conviction, and in the light of all the other facts and circumstances, as presented by the evidence, you should give his testimony such weight as you believe it is fairly entitled to receive."

Appellant complains of this instruction because it singled his testimony out and gave it undue prominence over the testimony of other witnesses, and specifically directed the jurors to determine whether he was telling the truth or lying. Substantially the same instruction has been frequently approved by this court. State v. Mikesh, 227 Iowa 640, 644, 645, 288 N.W. 606; State v. Sauerbry, 233 Iowa 1076, 1081, 10 N.W.2d 544.

The court did not err in giving Instruction No. 9.

IV. On cross-examination defendant testified that he had been convicted of a felony. Section 622.17, Code of Iowa

1954, provides: "A witness may be interrogated as to his previous conviction for a felony. * * *."

In Instruction No. 10 the court stated: "A witness may be impeached by showing that he has been convicted of a felony. * * * If you find that said defendant has been impeached, you are not required to wholly disregard the testimony of said defendant. If his evidence has been sustained by other corroborating evidence, or if for any reason you believe what he has testified to is true, then you are not required to disregard it merely because you may find that he has been impeached. The degree of credit and weight to be given to the testimony of said witness, if any, as well as the credit and weight to be given to the testimony of each and all of the witnesses, must be determined by you jurors alone, taking into consideration all of the evidence and all of the facts and circumstances proven and established upon the trial of this case."

Appellant complains because the court did not explain or define to the jury the word "impeach" but left the meaning of the word to the speculation of the jury. He further contends that the instruction as a whole was highly prejudicial to him, and arbitrarily compelled the jury to disregard a part of defendant's testimony if they believed he had been convicted of a prior felony. A similar instruction was upheld in State v. Van Vliet, 97 Iowa 387–389, 66 N.W. 748. The word "impeach" is one in common use and not of a technical character, and, without any request by defendant for further definition or explanation of it, he is not in a position now to complain of the claimed error. A like contention with respect to the word "felony" was held to be without merit in State v. Proost, 225 Iowa 628, 637, 281 N.W. 167.

The instruction was correct as given and if defendant desired further clarification he should have requested it. This court has many times so held. State v. Holoubek, 246 Iowa 109, 112, 66 N.W.2d 861, 863; State v. Baker, 246 Iowa 215, 231, 66 N.W.2d 303, 312, and cases cited; State v. McCall, 245 Iowa 991, 1001, 63 N.W.2d 874; State v. Schrader, 243 Iowa 978, 990, 55 N.W.2d 232.

This assignment is without merit.

We have considered all the propositions and errors assigned which have been argued. The appellant had a fair trial.

The judgment is—Affirmed.

All JUSTICES concur.