**STATE of Iowa, Appellee,**

v.

**Vincent G. FINNEGAN, Appellant.**

**No. 58188.**

Supreme Court of Iowa.

Jan. 21, 1976.

Daniel J. Spellman, Perry, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., and Coral Greenfield, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

This appeal raises several issues which we have repeatedly considered and which have been so well established that further appeals to settle them would seem unnecessary.

Defendant was convicted of operating a motor vehicle while under the influence of an alcoholic beverage in violation of § 321.-281, The Code. He was sentenced to pay a fine of $300, plus costs, his driver's license was ordered suspended for 120 days, and he was directed to attend sessions at the North Central Alcoholism Center for a period of six months. He appeals from that judgment. We affirm.

■ Defendant says the trial court erroneously defined the circumstances under which a person may be said to be "under the influence of an alcoholic beverage." The instruction given was substantially that adopted by the Committee on Uniform Jury Instructions of the Iowa State Bar Association. (§ 520.3 of Uniform Instructions.)

Defendant asserts this instruction sets up two separate standards which are inconsistent with each other and must have been confusing to the jury. We have reviewed the instruction, and we find no reasonable theory upon which the jury could have misunderstood its meaning.

The instruction as given is quite similar to the one discussed and approved in *State v. Stout*, 247 Iowa 453, 456–458, 74 N.W.2d 208, 210 (1956). Although the offense was then designated as driving a motor vehicle while intoxicated, we have held that to be synonymous with driving a motor vehicle while under the influence of an alcoholic beverage, as § 321.281 now describes the crime. *See State v. Berch*, 222 N.W.2d 741, 747 (Iowa 1974); *State v. Davis*, 196 N.W.2d 885, 890 (Iowa 1972). The definition approved in *Stout* has been used consistently with only minor and unimportant variations. We find no error in the instruction as given.

■ Neither is there any merit to defendant's claim that the reasonable doubt instruction was fatally defective for failure to tell the jury that reasonable doubt must be found "to a moral certainty." While use of this language has been approved in several cases (*State v. Franklin*, 163 N.W.2d 437, 441 (Iowa 1968)), it does not follow that such language *must* be used. As we pointed out in *State v. McGranahan*, 206 N.W.2d 88, 91, 92 (Iowa 1973), no particular model or form is required in advising the jury concerning the meaning of reasonable doubt as long as a suitable standard is given.

In the present case, the trial court afforded the jury such a guideline, although not in the precise language requested by defendant. Defendant has no cause to complain about the instruction as given. *See Van Treese v. Holloway*, 234 N.W.2d 876, 877 (Iowa 1975).

■ The remaining assignment of error in two divisions raises a single issue—the use of a county attorney's information. Defendant argues he is constitutionally entitled to be charged and tried on indictment. He says prosecution by information violates his right to due process under the 5th and 14th Amendments to the federal constitution.

This same complaint in various forms has been considered and rejected many times, both by this court and by others. *See* § 769.1, The Code; *Beck v. Washington*, 369 U.S. 541, 545, 82 S.Ct. 955, 957–958, 8 L.Ed.2d 98, 104 (1962); *Wessling v. Bennett*, 410 F.2d 205, 207 (8th Cir. 1969); *State v. Masters*, 196 N.W.2d 548, 550 (Iowa 1972); *State v. Abodeely*, 179 N.W.2d 347, 355 (Iowa 1970). *Cf. State v. Lass*, 228 N.W.2d 758, 762, 763 (Iowa 1975).

Finding no reversible error in the errors assigned by defendant, we affirm the judgment.

Affirmed.