**STATE of Iowa, Appellee,**

v.

**Terry Lee ROBINSON, Appellant.**

**No. 85–630.**

Supreme Court of Iowa.

June 18, 1986.

Alfredo G. Parrish and Elizabeth S. Kruidenier, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Elizabeth E. Ciebell, Asst. Atty. Gen., and Annette Scieszinski, Co. Atty., for appellee.

HARRIS, Justice.

There are fourteen assignments of error in this appeal following defendant's conviction on two counts of attempt to commit murder. Iowa Code § 707.11 (1983). It is unnecessary to consider them all because the case must be reversed and remanded and most questions are not likely to recur on retrial.

The State presented ample evidence to support the verdict. It showed that, on the evening of August 13, 1984, schoolteacher Carole Kuehl was cleaning corn at her rural home near Albia. At about 9 p.m. she went outside to get more corn. She noticed someone petting one of the family dogs. She recognized the person to be defendant Terry Robinson, a seventeen-year-old boyfriend of her daughter. When Mrs. Kuehl's three-year-old son, Colin, came out of the house defendant grabbed him and began stabbing him. Mrs. Kuehl was then apparently stabbed and beaten, although she remembered very little about what happened after her son was attacked. While hospitalized for the severe injuries she received in the incident she identified Terry Robinson as her attacker. Colin was also severely injured in the attack. Neighbors testified they saw a dark colored car coming from the direction of the Kuehl home traveling at high speed and in an erratic manner that evening. The Robinsons also owned a dark colored car.

Defense witnesses however testified they drove by the Kuehl's at about 9 p.m. and 9:15–9:20 p.m. and noticed nothing unusual. A friend of defendant testified that he and defendant, along with some other friends, went to football practice earlier that evening and then drove around drinking beer. He stated he dropped defendant off at his car at the high school parking lot.

Defendant's mother testified that her son came home at 9:34 p.m. She noticed a scratch on his back which defendant claimed he received in a fight with Eric Cremeens. At trial Cremeens denied he had fought with defendant.

I. Because of extensive pretrial publicity defendant moved for a change of venue. He alleged "the atmosphere in Albia and in Monroe County is so thoroughly charged with prejudice" because of extensive publicity "that it will be impossible for [defendant] to get a fair trial in Monroe County."

Although affidavits were identical and were general in their terms they came close to establishing that the county, a sparsely populated rural one in south central Iowa, had been saturated with news accounts of the crime strongly suggesting defendant's involvement.

The trial court denied this motion but pledged an open mind on the subject in the event of future disclosures. The court expressed its belief

> that the public's memory is notoriously short in matters of this nature. What "everyone knew" in August will have been long forgotten by March. However, during voir dire the court will be especially mindful of the concerns expressed by defendant, and should it then develop that a fair trial cannot be held in Monroe County, the court will re-examine its view.

The trial court did not during voir dire seem impressed with those future developments, but we certainly are. There was a barrage of unmistakable warning signals that few people had an open mind on the questions of defendant's guilt. Nearly everyone on the jury panel had heard or read about the case and many were acquainted with the prosecution witnesses. Some had even visited with them prior to trial. All panel members except one knew something about the case and ten of the first sixteen questioned had already formed an opinion. Notwithstanding the pledge to re-examine its views during voir dire the trial court summarily overruled defendant's renewed motion for change of venue.

The matter was revisited in defendant's motion for new trial. The trial court then expressed an entirely new and inconsistent view. It stated:

> I live in this community, and I do not live in a vacuum. I was concerned about the extent of pretrial knowledge within the community and the ability to be able to select a fair and impartial jury. I fully expected a renewed motion for change of venue to be made by defendant shortly before trial. I went so far as to consult with the court administrator to determine the availability of other courtrooms in other counties. I was given my choice of two possible counties in this district to move the case for trial on March 19. Had defendant made a proper motion and had it been properly supported, the Court would have—the trial would have been moved to either one of those two counties. However, the defendant did not.

■ It should be unnecessary to say that the trial of a law suit is no cat and mouse game but a straightforward search for the truth. We find no basis for the trial court's conclusion that defendant's counsel should have done more to make his contention known. It was renewed on the basis of the voir dire examination of prospective jurors, at a time expressly invited by the court when the first motion was denied. Iowa law requires no set litany for the making of such a motion. All that is required is for counsel to say enough to reasonably alert the trial court to the proposition urged on appeal.

■ Principles controlling changes of venue under Iowa rule of criminal procedure 10(10) are well-settled. A defendant seeking reversal of a conviction on the basis of a denial of a motion for change of venue "must show either actual prejudice on the part of the jury or must show that the publicity attending the case was so pervasive and inflammatory that prejudice must be presumed." *State v. Spargo*, 364 N.W.2d 203, 207 (Iowa 1985); *see also State v. Cuevas*, 288 N.W.2d 525, 527 (Iowa 1980). We review the record de novo to determine whether the trial court abused its discretion in denying a request. *State v. Ware*, 338 N.W.2d 707, 713 (Iowa 1983); *State v. Love*, 302 N.W.2d 115, 122 (Iowa 1981).

■ We agree with defendant that the time span between the most extensive media coverage and trial did nothing to improve his chance for an impartial jury. From the trial court's final comments on the subject, those made in overruling the

motion for new trial, we must conclude the trial court also agreed.

We hold that it was an abuse of discretion to overrule defendant's renewed motion for change of venue. We take this opportunity to again point out that Iowa rule of criminal procedure 10(10) now provides a convenient system for implementing changes of venue. Where there has been extensive pretrial publicity a trial court should be more willing than in prior years to look favorably upon such a motion.

II. Many of defendant's other assignments become moot and can be passed. Because they might recur on retrial we mention some of them. We find no merit in defendant's challenge to a ruling on the State's motion in limine to exclude evidence of defendant's relationship with the victim's daughter. There was no error in denying defendant's application to pay psychologist fees for a witness he chose without court authorization.

We find disquieting the persistent claims that the trial judge was personally prejudiced against defendant's counsel. The record does not spell out such prejudice. On the other hand we are at a loss to understand the trial court's inconsistent explanations for overruling the motion for change of venue. In the interest of protecting the appearance of justice we direct the trial on remand be before a different trial judge.

REVERSED AND REMANDED.