# IN THE COURT OF APPEALS OF IOWA

No. 17-1269
Filed November 21, 2018

**MARTIN RAY HIATT,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Richard H.
Davidson, Judge.


        Applicant appeals the district court's denial of his application seeking
postconviction relief from his convictions of three counts of second-degree sexual
abuse and four counts of indecent contact with a child.  **AFFIRMED.**


        Martin R. Hiatt, Fort Dodge, pro se appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee State.


        Considered by Danilson, C.J., Potterfield, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Martin Hiatt appeals the district court's denial of his application seeking postconviction relief from his convictions of three counts of second-degree sexual abuse and four counts of indecent contact with a child. Hiatt has not shown he received ineffective assistance of counsel or provided any other basis to support his request for postconviction relief. We affirm the district court's decision denying Hiatt's application for postconviction relief.

## I.  Background Facts & Proceedings

Hiatt was convicted of three counts of sexual abuse in the second degree, in violation of Iowa Code sections 709.1(3) and 709.3(2) (2011), and four counts of indecent contact with a child, in violation of section 709.12(2). His convictions were affirmed on appeal. *State v. Hiatt*, No. 12-0555, 2013 WL 1749917, at *6 (Iowa Ct. App. Apr. 24, 2013). We rejected Hiatt's claim he was entitled to a new trial due to the district court's failure to sequester certain witnesses. *Id.* at *3–4. We concluded he had not preserved error on his claim the court improperly responded to a question by the jury. *Id.* at *4–5. Additionally, we found Hiatt failed to show he received ineffective assistance because defense counsel did not object when the court failed to administer an oath to a witness or based on the prosecutor's closing argument. *Id.* at *5–6.

Hiatt filed an application for postconviction relief, claiming he received ineffective assistance because defense counsel did not object to: (1) the court's failure to administer the oath to a witness; (2) an improper closing argument by the prosecutor; (3) the court's process of sequestering witnesses; and (4) the court's response to a jury question. The district court found the first three issues had

already been decided adversely to Hiatt on direct appeal and he was barred from relitigating these issues in his application for postconviction relief. On the fourth claim, the district court determined Hiatt was not entitled to relief, stating, "Considering the totality of the circumstances, Hiatt has failed to show that the court's instruction coerced the jury to reach a unanimous agreement to convict him on any of the three counts of sexual abuse in the second degree or the four counts of indecent contact with a child." Hiatt appeals the district court's decision.

## II. Ineffective Assistance

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* An applicant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

**A.** Hiatt claimed he received ineffective assistance because defense counsel did not properly object when the trial court failed to administer the oath to a witness, when the prosecutor made an improper closing argument, or to the court's process of sequestering witnesses. These issues were decided in Hiatt's direct appeal and cannot be raised in this postconviction action. *See Holmes v. State,* 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("Our decision on direct appeal is thus final as to all issues decided therein, and is binding upon both the postconviction court and this court in subsequent appeals."). A party may not

relitigate issues decided in a direct appeal. *Id.* Therefore, we do not further address these issues.

**B.** Hiatt claims he received ineffective assistance because defense counsel did not object to the trial court's response to a jury question.[1] On the second day of deliberations, the jury advised the court they were unable to reach a unanimous verdict on each count. Outside the presence of the jury, the court told the parties its plan was as follows:

> I'm going to instruct the jury that counts to which there is the inability to render a unanimous verdict are subject to a mistrial and would then have to start the trial process all over again. I would ask them to resume their deliberations, and if there are counts to which they can render a unanimous verdict, to do so, and to then tell me which counts they are unable to render a unanimous verdict, and then send them back for deliberations and see where it goes from there.

Defense counsel stated, "I would object to asking anything further than whether or not they can reach a verdict on all counts." The court overruled the objection and stated, "[W]e will proceed in the manner that I have just outlined." The court then called in the jury and followed through with its proposed plan.

Hiatt claims defense counsel should have objected to the court's language because it was likely to cause the jury to believe they would have to start deliberations all over if they did not reach a unanimous verdict on each count. He states the court's answer to the jury's question did not inform the jury a different jury would consider the charges against him if there was a mistrial.

In considering verdict-urging instructions, "[t]he ultimate test is whether the instruction improperly coerced or helped coerce a verdict or merely initiated a new

---

[1] This claim was also raised in the direct appeal, but we determined the issue had not been preserved for appellate review. *Hiatt*, 2013 WL 1749917, at *4–5.

train of real deliberation which terminated the disagreement."[2] *State v. Campbell*, 294 N.W.2d 803, 808 (Iowa 1980). "The supplemental charge must also be evaluated 'in its context and under all the circumstances.'" *State v. Wright*, 772 N.W.2d 774, 778 (Iowa Ct. App. 2009) (citation omitted). "In applying this test, we are mindful that the trial judge has considerable discretion in determining whether the verdict-urging instructions should be given and that each case is to be decided on its own circumstances." *Campbell*, 294 N.W.2d at 808–09.

The postconviction court ruled:

> The jury deliberated for more than eight hours and had reached unanimous agreement on some of the counts by midday on the second day of deliberations. Presumably the jury seriously considered the evidence and followed all of the court's instructions. The final instruction given in response to the jury's question properly informed the jury to only return a verdict on counts to which they all agree. The jury ultimately found Hiatt not guilty on two of the counts. While, the trial judge's response to the jury's question was vague as to what would happen if the court declared a mistrial on the counts where the jury could not agree, there is no evidence that the jury believed they personally would be required to return and start anew. Considering the totality of the circumstances, Hiatt has failed to show that the court's instruction coerced the jury to reach a unanimous agreement to convict him on any of the three counts of sexual abuse in the second degree or the four counts of indecent contact with a child.

We agree with the postconviction court's conclusion the trial court's response to the jury's question was not improper. The evidence does not show the answer "improperly coerced or helped coerce a verdict." *See id.* at 808. We conclude Hiatt has not shown he received ineffective assistance on the ground

---

[2] A verdict-urging instruction is sometimes called an "Allen charge." *See State v. Cornell*, 266 N.W.2d 15, 19 (Iowa 1978).

defense counsel failed to object to the court's language in answering the jury's question.

**C.** On appeal, Hiatt raises new issues claiming he received ineffective assistance because defense counsel had a conflict of interest, in that counsel (1) did not demand he be charged by a grand jury indictment, rather than a trial information; (2) did not insist he be tried by a jury of his peers; (3) was primarily obligated to the Iowa Bar Association, rather than to Hiatt; and (4) could not zealously represent Hiatt as an officer of the court.

An attorney's conflict of interest may be raised as a claim of ineffective assistance of counsel. *State v. Smitherman*, 733 N.W.2d 341, 345 (Iowa 2007). In a claim of a conflict of interest, an applicant must "make a showing whereby we can presume prejudice." *Id.* at 346. An applicant has the burden of proof to establish a claim of ineffective assistance of counsel by a preponderance of the evidence. *See State v. Cromer*, 765 N.W.2d 1, 7 (Iowa 2009).

We first note there is no constitutional right to be charged by an indictment instead of a trial information. *State v. Finnegan*, 237 N.W.2d 459, 460 (Iowa 1976). Hiatt has presented no evidence to support his claim he was not tried by a jury of his peers and, thus, has not established this claim by a preponderance of the evidence. *See Cromer*, 765 N.W.2d at 7. Furthermore, Hiatt has not shown defense counsel had a conflict of interest or was unable to zealously represent him because he was a member of the Iowa Bar Association and an officer of the court. All attorneys are considered to be officers of the court. *See State v. Walker*, 804 N.W.2d 284, 294 (Iowa 2011). Also, many are members of the Iowa Bar Association. If Hiatt's claims were accepted, there would be no possibility of

conflict-free representation by an attorney. We determine Hiatt has not shown he received ineffective assistance based on a conflict of interest by his defense counsel.

### III.    Other Pro Se Issues

**A.**    Hiatt raises several issues asserting the trial court did not have jurisdiction over his criminal case. He questions the constitutional foundation for the court's jurisdiction. Criminal jurisdiction in Iowa is governed by Iowa Code section 803.1. Under this section, a person is subject to prosecution in Iowa for "an offense committed either wholly or partially within this state." Iowa Code § 803.1(1)(a). "Territorial jurisdiction is an essential element of a crime which the [S]tate is required to prove beyond a reasonable doubt." *State v. Wedebrand*, 602 N.W.2d 186, 189 (Iowa Ct. App. 1999). The evidence presented in the criminal trial shows the offenses occurred in Pottawattamie County in Iowa. There is no factual basis to support Hiatt's claim the court lacked jurisdiction.

In relation to this claim, Hiatt claims he should have had representation by an attorney who was not beholden to the improper jurisdiction imposed over him by the State. Because we determine the court had jurisdiction in Hiatt's criminal case, we reject his jurisdictional claim as it relates to representation by defense counsel.

**B.**    Hiatt claims he should have been charged by a grand jury indictment, instead of a trial information. We again note there is no constitutional right to be charged by an indictment instead of a trial information. *See Finnegan*, 237 N.W.2d at 460. We do not further discuss this issue.

**C.**    Hiatt alleges his pretrial release is a factor to be considered in evaluating whether there was probable cause for his arrest.  He also challenges the sufficiency of the evidence to support his convictions.  A jury found Hiatt guilty of three counts of second-degree sex abuse and four counts of indecent contact with a child, and his convictions were affirmed on appeal.  *Hiatt*, 2013 WL 1749917, at *6.  By finding Hiatt guilty, the jury found the victim's testimony to be credible.  *See id.* at *2 ("[T]he jury was free to believe the victim and disbelieve Hiatt.").  Hiatt's complaints on this issue do not undermine the validity of the jury's verdict.

**D.**    Hiatt asserts the court violated his constitutional rights, citing ex post facto laws.  Ex post facto laws "impose punishment for an act that was not punishable when committed or that increase the quantum of punishment provided for the crime when it was committed."  *State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999) (citation omitted).  The statutes providing for second-degree sexual abuse and indecent contact with a child were not amended between the time the offenses took place and Hiatt's criminal trial.  We conclude Hiatt was not improperly punished by ex post facto laws.  Hiatt has not shown he was improperly denied his constitutional rights.

**IV.    Conclusion**

We affirm the district court's decision denying Hiatt's application for postconviction relief.  Hiatt has not shown he received ineffective assistance of counsel or provided any other basis to support his request for postconviction relief.

**AFFIRMED.**