# IN THE COURT OF APPEALS OF IOWA

No. 22-1509
Filed December 20, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CALVIN MARCEL CRAWFORD,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.


      A defendant challenges the sufficiency of the evidence supporting his conviction. **AFFIRMED.**


      Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

      Brenna Bird, Attorney General, Nick Siefert and Kyle Hanson, Assistant Attorneys General, and Kelly Lynch, Law Student, for appellee.


      Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

While on patrol during early morning hours, an Ames police officer observed a vehicle traveling at a high rate of speed on a city street. The officer caught up to the vehicle and initiated a traffic stop. As the officer approached the vehicle, the driver, Calvin Crawford, lowered his window about an inch and stuck his driver's license out. Crawford initially explained his car window did not go down any further, but he eventually lowered it more to show his vehicle insurance information displayed on his cell phone. With the car window lowered more, the officer could smell the odor of alcohol coming from Crawford.

The officer told Crawford to step outside of the vehicle and conducted field sobriety testing, including the horizontal gaze nystagmus test (HGN), the vertical gaze nystagmus test (VGN), the nine-step walk and turn, and the one-leg stand. The officer observed no indication of nystagmus when performing the VGN, but he observed six out of six clues of nystagmus when performing the HGN, which the officer later testified was a failing score.[1] The officer observed three out of eight clues of intoxication when administering the walk-and-turn test—also a failing score as later testified to by the officer. When administering the one-leg stand, the officer observed one of four clues. At that point, the officer arrested Crawford. At the police station, the officer read the implied consent advisory to Crawford multiple times as Crawford shouted at him. Crawford refused to provide a breath sample for alcohol-concentration testing.

---

[1] Evidence was presented at trial that nystagmus is an involuntary jerking of the eye that can be caused by intoxication. While nystagmus can also be caused by medical conditions, Crawford stated there was nothing wrong with him and he did not have any eye conditions.

The State charged Crawford with operating while intoxicated. The case went to trial, and a jury found Crawford guilty of operating while intoxicated.[2]

Crawford appeals and challenges the sufficiency of the evidence. We review sufficiency-of-evidence claims for correction of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). Jury verdicts bind us if they are supported by substantial evidence. *Id.* Evidence is substantial if it is sufficient to convince a rational factfinder that the defendant is guilty beyond a reasonable doubt. *Id.* In assessing whether evidence is substantial, "we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)).

Jury instructions are the law of the case for purposes of sufficiency-of-the-evidence challenges when the instructions are not objected to at trial, which is the case here.[3] *See State v. Mathis*, 971 N.W.2d 514, 518 (Iowa 2022). The marshaling instruction required the State to establish two elements: (1) "On or about the 6th day of April, Mr. Crawford operated a motor vehicle" and (2) "[a]t the time Mr. Crawford operated the motor vehicle he was under the influence of alcohol." A separate instruction explained,

> a person is "under the influence" when by drinking liquor and/or beer, one or more of the following is true:
> 1. Their reason or mental capacity has been affected.
> 2. Their judgment is impaired.
> 3. Their emotions are visibly excited.

---

[2] The officer issued Crawford a speeding ticket, which was also at issue at trial. The district court granted Crawford's motion for judgment of acquittal on the speeding charge.

[3] While Crawford did object to the proposed marshaling instruction, the court amended the marshaling instruction to use Crawford's requested phrasing.

4.    They have, to any extent, lost control of bodily actions or motions.

Crawford attacks the sufficiency of the evidence by attacking how the officer administered the field sobriety tests, contending the results should not be considered, and the officer's credibility. Crawford's arguments miss the mark. "It is not the province of the court . . . to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; [instead,] such matters are for the jury." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)). And Crawford does not challenge the admissibility of the field sobriety testing. He challenges only the persuasiveness of the evidence.

After reviewing the record in the light most favorable to the verdict, we find substantial evidence supporting Crawford's conviction. At the beginning of the traffic stop, Crawford lowered his window just a crack, claiming it could not be lowered any more. But Crawford's claim was disproved when he lowered his window significantly more a short time later. From this, the jury could infer Crawford was lying about the state of his car window to keep it raised and prevent the officer from smelling alcohol on him. The officer testified that he did smell alcohol coming from Crawford once the window was lowered, permitting a rational juror to conclude Crawford had recently ingested alcohol. The officer testified that Crawford displayed clues of intoxication on at least two of the field sobriety tests. The officer also testified that Crawford had bloodshot, watery eyes—a common indicator of intoxication. A video exhibit of Crawford at the police station shows him ranting about a variety of topics for nearly the entirety of the hour-and-twenty-

minute-long recording. A rational juror could conclude from this evidence that Crawford's emotions were visibly excited due to consumption of alcohol, which is one of the ways to establish that Crawford was under the influence of alcohol. *See* Iowa Crim. Jury Instructions 2500.5; *see also State v. Berch*, 222 N.W.2d 741, 747 (Iowa 1974), *State v. Stout*, 74 N.W.2d 208, 210 (Iowa 1956). And the jury instructions permitted the jury to consider Crawford's refusal to provide a breath sample for alcohol-concentration testing.

Considering this evidence in aggregate, we find rational jurors could conclude Crawford was under the influence of alcohol when he was operating the vehicle. As such, the jury's verdict is supported by substantial evidence, and we affirm Crawford's conviction.

**AFFIRMED.**